UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ERIC D. TATE,

    Plaintiff,

        v.                                                      CAUSE NO. 1:21-CV-105-WCL-SLC

ALLEN COUNTY JAIL, et al.

    Defendants.

OPINION AND ORDER

Eric D. Tate, a prisoner without a lawyer, filed a complaint against nine defendants. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Tate states that, on November 20, 2020, he told Correctional Officer Rinehart he had a medical disability and must self-catheterize to release urine from his bladder. ECF 1 at 2. Correctional Officer Rinehart informed Nurse Bri that Tate needed daily medical supplies, but Nurse Bri never dispensed any medical supplies to him that day. *Id*. Tate states that he was then left in his cell on L-Block in protective custody for eight hours without any medical supplies. *Id*. Because Tate was hurting and

needed to urinate, he was forced to reuse an old catheter, which caused him to bleed and develop a bladder infection. *Id.*

Because Tate is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (*citing Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*. *Id*. The Seventh Circuit has explained that the inquiry for assessing a due process challenge to a pretrial detainee's medical care entails two steps. *Id*. at 353. Thus, to state a claim under the Fourteenth Amendment, a plaintiff must allege that the defendant acted "with purposeful, knowing, or reckless disregard of the consequences" of his actions. *Id*. at 345. He must also allege that the medical care he received, or the denial of that medical care, was "objectively unreasonable." *Id*. (emphasis omitted). Giving Tate the inferences to which he is entitled at this stage of the case, he has alleged plausible Fourteenth Amendment claims against Correctional Officer Rinehart and Nurse Bri for denying him necessary medical care on November 20, 2020.

Tate next asserts that, on December 23, 2020, he informed Lieutenant M. Vachon that he had not been receiving his daily medical supplies and had discussed the situation with Correctional Officer Rinehart. ECF 1 at 2. Lieutenant Vachon, however, never resolved the issue, and, as a result, he was left to suffer in pain for many hours. *Id*. Tate also asserts that there were times when he had to wait six to eight hours to release his urine and he had to use a latex catheter that the security confinement officer obtained from a nurse in another part of the prison. *Id*.

To the extent Tate alleges that Lieutenant Vachon did not resolve the medical supplies issue on December 23, 2020, he has not alleged that Lieutenant Vachon was personally involved or participated in the alleged constitutional violation. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). In other words, "[p]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, Tate cannot proceed against Lieutenant Vachon.

Furthermore, Tate has sued Allen County Sheriff David Gladieux, Nurse Melanie, Correctional Officer Colbert, Sergeant Thomas, and Correctional Officer Hertel. However, other than simply listing these individuals as defendants in the caption of his case, he never mentions them in the body of his complaint. Therefore, he may not proceed against them.

As a final matter, to the extent Tate has sued Allen County Jail, he may not proceed against Allen County Jail because it is a building and not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

For these reasons, the court:

(1) GRANTS Eric D. Tate leave to proceed against Correctional Officer Rinehart in his individual capacity for compensatory and punitive damages for denying him necessary medical care on November 20, 2020, in violation of the Fourteenth Amendment;

(2) GRANTS Eric D. Tate leave to proceed against Nurse Bri in his individual capacity for compensatory and punitive damages for denying him necessary medical care on November 20, 2020, in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lieutenant M. Vachon, Allen County Sheriff David Gladieux, Nurse Melanie, Correctional Officer Colbert, Sergeant Thomas, Correctional Officer Hertel, and Allen County Jail;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Correctional Officer Rinehart at Allen County Jail, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nurse Bri at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1), under 28 U.S.C. § 1915(d);

(7) ORDERS Allen County Jail and Quality Correctional Care, LLC, to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Correctional Officer Rinehart and Nurse Bri to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

5

SO ORDERED on November 29, 2021.

s/William C. Lee
JUDGE WILLIAM C. LEE
UNITED STATES DISTRICT COURT