UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ERIC D. TATE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:21-CV-105-RLM |
| BRI and RINEHART, | |
| Defendants. | |

OPINION AND ORDER

Eric D. Tate, a prisoner without a lawyer, is proceeding on two claims. First, he proceeds "against Correctional Officer Rinehart in his individual capacity for compensatory and punitive damages for denying him necessary medical care on November 20, 2020, in violation of the Fourteenth Amendment[.]" ECF 7 at 3. Second, he sues Medical Assistant Brianna Beckley in her individual capacity "for compensatory and punitive damages for denying him necessary medical care on November 20, 2020, in violation of the Fourteenth Amendment[.]" *Id.* at 4. On Officer Rinehart and Medical Assistant Beckley filed separate motions for summary judgment. With the motions, the defendants provided Mr. Tate the notice required by N.D. Ind. L.R. 56-1(f). Copies of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1 were attached to the notice.

A party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each

dispute of fact. N.D. Ind. L.R. 56-1(b). This deadline passed more than five months ago, but Mr. Tate hasn't responded.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion can't just rely on allegations or denials in its own pleading, but must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in Kingsley [v. Hendrickson, 576 U.S. 389 (2015)]." Miranda v. Cty. of Lake, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendant "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." McCann v. Ogle Cty., 909 F.3d 881,

886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then, the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.*

The defendants provide Mr. Tate's deposition, in which he testified to these facts: Mr. Tate has a chronic medical condition that prevents him from urinating on his own and requires him to self-catheterize to urinate. ECF 41-1 at 8-9. When Mr. Tate's incarceration in the Allen County Jail began on September 30, 2020, he was provided with various medical supplies, including a catheter, KY Jelly, Betadine swabs, chux, and biohazard red bags. *Id.* at 9. He received new medical supplies every day, including a new catheter. *Id.* at 10. The medical supplies were delivered each day by either a nurse or a correctional officer, but Medical Assistant Beckley never personally delivered them. *Id.* at 11.

On the morning of November 20, 2020, Mr. Tate told Officer Rinehart he needed new medical supplies for the day and asked him to call medical staff for the supplies. ECF 41-1 at 10. Officer Rinehart told Mr. Tate he would make the call, but Mr. Tate can't recall whether he saw Officer Rinehart make the phone call. *Id.* Later that morning, Officer Rinehart, and Medical Assistant Beckley came to Mr. Tate's cell to drop off his medication, but Medical Assistant Beckley didn't have his medical supplies. *Id.* at 10-11, 16. Mr. Tate had to wait for his medical supplies. *Id.* at 11-12. Mr. Tate couldn't recall how long he had to wait until he received new medical supplies, but says he didn't receive any medical supplies from Medical Assistant Beckley that day and had to use an old catheter to relieve himself. *Id.* at 12-13. Mr.

3

Tate believed that using an old catheter exposed him to a risk of contracting a urinary tract infection. *Id.* at 13-14.

Officer Rinehart says summary judgment is warranted in his favor because there is no evidence he was responsible for any delay in providing Mr. Tate his medical supplies. The record supports that argument: Mr. Tate informed Officer Rinehart he needed medical supplies and Officer Rinehart came to Mr. Tate's cell with medical staff later that morning. No reasonable jury could conclude that Officer Rinehart's conduct of relaying Mr. Tate's request for medical supplies to medical staff was objectively unreasonable. Mr. Tate conceded in his deposition that Officer Rinehart "did what he was supposed to do." ECF 41-1 at 16. Based on this record, no reasonable jury could conclude Officer Rinehart violated Mr. Tate's Fourteenth Amendment rights. Summary judgment is warranted in his favor.

Medical Assistant Beckley argues that summary judgment is warranted in her favor because there is no evidence her conduct was anything more than negligent, which can't by itself show a Fourteenth Amendment violation. Medical Assistant Beckley attests to these facts, which the court accepts as undisputed:[1] Upon her arrival at the Allen County Jail, Medical Assistant Beckley's first responsibility was to pass out medications during morning medication line. Following the morning medication line, she would obtain medical supplies needed for the day, including Mr. Tate's catheter supplies. Medical Assistant Beckley wasn't allowed to go into the

---

[1] Because Mr. Tate didn't respond to the summary judgment motions, the court may accept Medical Assistant Beckley's attestations as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . ..")

4

housing pods on her own after medication line, so she would hand-deliver Mr. Tate's medical supplies to a jail staff member, who would deliver the supplies to Mr. Tate. *Id.* Medical Assistant Beckley doesn't specifically recall November 20, 2020, but recalls that her standard procedure was to dispense Mr. Tate's catheter supplies to a member of jail staff. There were times when medication line would be slowed and the delivery of Mr. Tate's catheter supplies would be delayed, but Medical Assistant Beckley was never aware of Mr. Tate being required to use an old catheter to urinate. Medical Assistant Beckley attests she never refused to provide Mr. Tate with his catheter supplies.

There is no evidence that Medical Assistant Beckley acted purposefully, knowingly, or recklessly in failing to provide Mr. Tate his catheter supplies, as is necessary to show a Fourteenth Amendment violation. *See* McCann v. Ogle, 909 F.3d at 886. The evidence shows only that the delivery of Mr. Tate's catheter supplies was delayed for an unknown reason. That Medical Assistant Beckley's standard procedure was to provide these supplies to jail staff to provide to Mr. Tate is undisputed, and no evidence refutes her attestations that she never denied him his catheter supplies and was never aware he needed to use an old catheter to urinate. At most, the evidence shows that Medical Assistant Beckley might have been negligent in delivering Mr. Tate's medical supplies on November 20, which cannot support a Fourteenth Amendment violation. *See* Miranda v. Lake, 900 F.3d at 353 (a pretrial detainee cannot establish a claim under the Fourteenth Amendment merely by showing negligence); Knight v. Grossman, 942 F.3d 336, 342 (7th Cir. 2019)

5

("Neither negligence nor gross negligence is enough to support a substantive due process claim, which must be so egregious as to 'shock the conscience'") (citation omitted). Accordingly, based on the record, no reasonable jury could conclude Medical Assistant Beckley violated Mr. Tate's Fourteenth Amendment rights. Summary judgment is warranted in her favor.

For these reasons, the court:

(1) GRANTS Officer Rinehart's motion for summary judgment (ECF 33);

(2) GRANTS Medical Assistant Beckley's motion for summary judgment (ECF 36); AND

(3) DIRECTS the clerk to enter judgment for Officer Rinehart and Medical Assistant Beckley and against Eric D. Tate and to close this case.

SO ORDERED on May 15, 2023

/s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT